**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>30 East 40th, L.L.C.,<br><br>Debtor. | Chapter 11<br>Case No. 25-12696 (MEW) |

### ORDER REGARDING THE RETENTION OF A
### CHIEF RESTRUCTURING OFFICER

The Court hereby "so orders" the terms of the attached agreement between 30 East 40th, L.L.C., as debtor

and debtor in possession, the Estate of Arnold Penner, and the Lawrence N. Friedland Revocable Trust,

U/A Dated November 14, 2024, read into the record during the May 7, 2026, hearing, subject to the

modifications and clarifications agreed to on the record at said hearing.


      **IT IS SO ORDERED:**

Dated: New York, New York
     May 8, 2026

                /s/ **Michael E. Wiles**
                HONORABLE MICHAEL E. WILES
                UNITED STATES BANKRUPTCY JUDGE

<u>30 E 40th L.L.C. CRO Term Sheet</u>

1.      An independent CRO will be selected by the following process:

   A.      The Debtor, Penner Estate, and Friedland Trust (collectively, the "**Parties**") shall make good faith efforts to select a mutually agreeable CRO by May 13.

   B.      In the event the Parties are unable to select a CRO by that date:

      i.      The Debtor and the Penner Estate each will select up to three candidates for CRO, and submit those candidates, with bios, supporting materials and proposed pricing, to Judge Gropper by May 13, 2026. Each side may interview any candidate and submit comments on any candidate no later than May 18, 2026.

      ii.      If necessary, Judge Gropper will select one candidate from the Parties' pool of candidates, who will be contacted by counsel to the Parties and engaged by the Debtor.

      iii.      In the event the first selected candidate is unable or unwilling to serve, then Judge Gropper will select another candidate from the Parties' list.

      iv.      This process will continue until a selected candidate is engaged by the Debtor.

2.      The Debtor will retain the CRO in accordance with the pricing submitted to Judge Gropper as follows:

   A.      The CRO will conduct the management and sale of the Debtor's Real Property through closing. The CRO will be independent of the Debtor's control.

   B.      The CRO will seek to engage JLL as broker to sell the Property so long as it agrees to fees equal to or less than those previously agreed to between Debtor and JLL and can conduct the sale in a timely manner. If JLL is unable or unwilling to act as broker, then the CRO will make a good faith effort to engage another broker with experience in marketing medical buildings.

   C.      The CRO will control all aspects of the sale of the Property.

   D.      The CRO will select a property manager for the Property and take control of the Property no later than June 9, 2026. The CRO shall not engage Norvin or ABS as property manager.

   E.      The CRO will have sole discretion to select real estate counsel in connection with the sale of the Property and other duties associated with the sale. Such counsel may only bill the CRO for work directed by the CRO.

   F.      The CRO shall amend the Plan to comport with the terms of this agreement.

13259006-4

G.     In carrying out its engagement, the CRO may, but is not required to, seek or take advice from the Debtor, the Penner Estate, and/or the Lawrence N. Friedland Trust, and/or their respective counsel, and anyone else the CRO deems it necessary or beneficial to take advice from when exercising the powers and responsibilities granted by this agreement.

H.     The CRO shall be entitled to seek DIP financing as necessary to maintain and preserve the property.

I.     Pending Plan Confirmation, the CRO shall have sole discretion to commence, defend, settle, or compromise any action or proceeding in connection with the CRO's management of the property. Neither CRO nor Debtor shall be permitted to commence, settle, or compromise any action or proceeding arising from the Good Guy Guaranty or the SL Green Guaranty.

J.     The Parties may jointly instruct the CRO, and the CRO shall be obligated to adhere to such instructions.

3.     The Penner Estate hereby withdraws its motion for the appointment of a trustee.

4.     The Debtor hereby withdraws its motion to retain Northgate, without prejudice to the CRO's right to seek to engage such broker if it deems it necessary or beneficial to do so and such engagement is otherwise consistent with Section 2-B.

5.     The Debtor's motion to approve the disclosure statement is adjourned pending any amendment of the plan in accordance with the terms of this agreement.

6.     The Penner Estate hereby withdraws its objection to the Debtor's motion to extend exclusivity.

7.     The Debtor's motion to retain Olshan is adjourned until after confirmation, and all Parties reserve their rights with respect to that motion.

8.     The Parties shall make good faith efforts to select a mutually agreeable Plan Administrator. If the Parties are unable to select the Plan Administrator, then the CRO shall pick the Plan Administrator from the SDNY Chapter 7 Trustee Panel.

*     *     *

2

13259006-4